

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-66,841-04

### EX PARTE JOHN DOUGLAS EDWARDS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-02-01583(1) IN THE 221ST DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft from a nonprofit organization and sentenced to fifty-two years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Edwards v. State*, No. 09-15-00249-CR (Tex. App.—Beaumont June 14, 2016)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to object to the false testimony of his co-defendant, asked a question that prompted a witness to violate the motion in limine, failed to object to the testimony from a State's witness that Applicant

had a parole officer, failed to challenge the improper venue, failed to properly object to State's Exhibit 18, failed to object to the prosecutor's closing arguments, failed to cross-examine the officer with corroborating documents from the manufacturer of the stolen air conditioning units, failed to have the complainant authenticate the photographs of the air conditioning units, failed to cross-examine the complainant regarding his testimony that one of the units weighed five tons, failed to question Lieutenant Walls' testimony that the air conditioning units were released to the pastor of the church the next day when the pastor testified he did not identify the unit until four days later, and failed to object to the State's vouching of a witness' credibility during closing arguments.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  December 20, 2017
Do not publish